ORDER
Plaintiff-appellants appeal the district court’s order dismissing their First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In light of intervening developments in the law, we conclude that corporations can face liability for claims brought under the Alien Tort Statute, 28 U.S.C. § 1350. Kiobel v. Royal Dutch Petroleum, — U.S. -, 133 S.Ct. 1659, 1669, 185 L.Ed.2d 671 (2013) (suggesting in dicta that corporations may be liable under ATS so long as presumption against extraterritorial application is overcome); Sarei v. Rio Tinto, PLC, 671 F.3d 736, 761 (9th Cir.2011) (en banc) (holding that corporations may be liable under ATS), vacated on other grounds, — U.S. -, 133 S.Ct. 1995, 185 L.Ed.2d 863 (2013); Doe v. Exxon Mobil Corp., 654 F.3d 11, 41 (D.C.Cir.2011) (same), vacated on other grounds, 527 Fed.Appx. 7 (D.C.Cir.2013); Flomo v. Firestone Natural Rubber Co., 643 F.3d 1013, 1020-21 (7th Cir.2011) (same). Additionally, the district court erred in requiring plaintiff-appellants to allege specific intent in order to satisfy the applicable purpose mens red standard. Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 259 (2d Cir.2009).
Furthermore, we grant plaintiff-appellants leave to amend their complaint in light of recent authority regarding the extraterritorial reach of the Alien Tort Statute and the actus reus standard for aiding and abetting. Kiobel, 133 S.Ct. at 1669; Prosecutor v. Charles Ghankay Taylor, Case No. SCSL-03-01-A Judgment, at ¶ 475 (SCSL Sept. 26, 2013) (“[T]he' actus reus of aiding and abetting liability is established by assistance that has á substantial effect on the crimes, not the particular manner in which such assistance is provided.”); Prosecutor v. Perisic, Case No. IT-04-81-A Judgment, at ¶ 36 & n. 97 (ICTY Feb. 28, 2013) (holding that “specific direction remains an element of the actus reus of aiding and abetting,” but noting that “specific direction may be addressed implicitly in the context of analysing substantial contribution”).
Accordingly, the order of the district court is hereby VACATED, and this case is REMANDED for further proceedings consistent with this order. This panel retains jurisdiction over any other appeals in this case.
IT IS SO ORDERED.